**The F STREET CHURCH OF CHRIST, a Corporation, etc., et al., Appellants,**

**v.**

**William M. BEASLEY et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1956.

J. W. Jones, Louisville, for appellants.

Thacker & Sanders, Leo T. Wolford, Louisville, for appellees.

MONTGOMERY, Judge.

This litigation is between two factions which formerly composed the congregation of The F Street Church of Christ, later known as the Atwood Church of Christ. The appellants represent the minority faction, the Atwood Church of Christ, and the appellees represent the majority faction, the Preston Highway Church of Christ, a new church organized as a result of the division. By this action, appellants sought to set aside a deed to the appellees and to recover certain personal property. From a judgment dismissing their action, they have appealed.

Many side issues clutter the questions involved. Shorn of the fleece of confusion, the lamb of issue stands bare. Was the deed that was executed and delivered by the minority faction to the majority faction authorized?

The Atwood Church of Christ, originally incorporated as The F .Street Church of Christ, purchased an unimproved tract of land on Preston Highway in June 1949, taking title in the names of three trustees "for the use and benefit of the Atwood Church of Christ". At that time, it was the purpose of the congregation to build new church quarters on this unimproved land.

A disagreement later arose among the members of the congregation as to the proper method of observing the Lord's Supper. In part, the disagreement was personal and concerned the government of the church. S. W. Hutton, one of the three trustees whose names appear on the deed mentioned above, was a member of the minority faction. He favored the method of observing the Lord's Supper described as the "long nosed spout system", which previously had been adhered to in the congregation, but a method not in general use in other churches of this denomination, whereas the majority faction desired to change that method. This difference and the question of the establishment of a new church on Preston Highway were fully discussed at the regular business meeting held on June 13, 1950. It was then decided to consider at the next business meeting the matters in controversy and the action contemplated.

At the regular business meeting of the congregation on July 11, 1950, Hutton was replaced as a trustee of the Atwood (F Street) Church of Christ. At the same meeting, trustees were elected for the Preston Highway property, with the provision appearing in the minutes that the "Trustees of the Atwood Church of Christ, or their successors, duly convey the Preston Highway property to the Trustees of the Preston Highway Church of Christ, or their successors * * *."

The business transacted at the July 11, 1950, meeting was approved by a standing vote of the congregation on July 18, 1950, the following Sunday. On September 6, 1950, pursuant to the July business meeting, the trustees of the Atwood Church of Christ, including the one who had been elected to succeed Hutton, conveyed to the trustees of the Preston Highway Church of Christ the unimproved tract of land on Preston Highway. Both factions continued to hold services together in the church on F Street until January 1951.

On January 7, 1951, after the conclusion of the Sunday service, the minority faction, under the leadership of Hutton, held a business meeting, attended by forty-one members. The meeting was held on the first Sunday of the year in accordance with the articles of incorporation of The F Street Church of Christ. The separation of the churches and congregations was discussed. The minutes of this meeting contain the following:

"Several months ago the former leaders here agreed that if we would give them the property on Preston Highway, they would not disturb us here."

The minutes continued with a recitation that a resolution was to be prepared embodying the quoted understanding.

A few days later, on January 13, 1951, a writing was executed by Hutton, who purported to act for the minority faction, and Miles Thacker, an attorney who represented the majority faction. This paper, in substance, was an agreement between the opposing factions that the "Atwood Church of Christ shall continue to operate at its present location and that the property there shall belong to the membership of that congregation; that the Preston Highway Church of Christ property shall belong to the Preston Highway congregation and independent; that the Preston Highway group worship away from the Atwood Church of Christ on or after Sunday, January 14, 1951." But in the closing paragraph, this paper refers to a future agreement which "will be prepared by Judge L. R. Curtis and Miles R. Thacker, to be signed by the groups representing the two congregations."

Following the January 14, 1951, meeting, the members of the majority faction ceased

to worship at the F Street Church, but conducted services at a school while they were erecting a new church building on the Preston Highway tract of land. The minority contend that since the January 13th writing called for a more formal agreement at a later time and no such agreement was ever executed, it was not a valid contract.

We find no merit in this contention since the agreement was evidenced by a memorandum signed by a representative of each faction which, in effect, ratified the deed conveying the unimproved tract of land to the Preston Highway Church of Christ. This deed had been authorized at a business meeting of the congregation as then constituted, after due and proper notice according to the regularly accepted practice of the congregation, and had been approved by the congregation on the subsequent Sunday. The agreement to divide the church property and the congregation was recognized by the minority faction, as shown by the minutes of their meeting held on January 7, 1951. Following January 14, 1951, the two factions divided and worshiped separately. Under these circumstances, the agreement, as made, was complete and was consummated by the separation following the January 14, 1951, services. There was nothing else to be done. Any further agreement or resolution would have been a mere memorial of the contract already consummated and unnecessary to the validity of the deed which has been attacked. Dohrman v. Sullivan, 310 Ky. 463, 220 S.W.2d 973.

It is agreed that the Atwood (F Street) Church of Christ was in the "congregational" category in the sense that the local church congregation was supreme in governing its affairs, there being no parent body or superior church authority having jurisdiction over it. Thomas v. Lewis, 224 Ky. 307, 6 S.W.2d 255; Bunnell v. Creacy, Ky., 266 S.W.2d 98. Where the church has a congregational form of government without constitution or bylaws and authorizes the execution of a deed of conveyance by a majority vote of its members attending a business meeting conducted in conformity with the accepted practice of the church, such deed is valid. Pelley v. Hill, 299 Ky. 184, 184 S.W.2d 352; Bunnell v. Creacy, supra.

The minority faction also contend that the majority faction have departed from the fundamental doctrine of the Church of Christ and have, therefore, forfeited their property rights. Appellants contend that the rule in Parker v. Harper, 295 Ky. 686, 175 S.W.2d 361, is applicable. In that case, it was held that the rights of a minority will be protected against a majority which have departed from the fundamental doctrine of the church, following Harper v. Straws, 14 B.Mon. 48, 53 Ky. 48. In each of the cases relied on by the appellants, the majority had ousted the minority from the church property. In the present case, the minority faction continue to occupy the original church property but are seeking to regain property occupied by the majority faction. There has been no ouster of the minority faction. The property sought to be recovered was conveyed to the majority faction while the two groups composed the same congregation. The effect of the agreement between the factions was that the majority faction should move from the original church property and leave the minority faction to occupy it. In this respect, this case is unique and is distinguishable from the cases relied on by appellants. In our view of the case, the minority faction are not entitled to the relief sought by them.

This action was filed January 21, 1953, by the minority faction, seeking to set aside a deed of conveyance executed on September 6, 1950, and after the majority faction had expended money, improved the property conveyed, and changed their position to their detriment. There is a very good basis upon which to consider whether appellants were guilty of laches, but we feel it is unnecessary. Denison v. McCann, 303 Ky. 195, 197 S.W.2d 248.

Judgment affirmed.